JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KEITH R. STANHOPE
75 East Jonathan Court, Kennett Square, PA 19348

**(b)** County of Residence of First Listed Plaintiff — Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
J. Patrick Holahan, II, Esquire
113 South Broad Street, Kennett Square, PA 19348
610-444-9795

## DEFENDANTS
KABAYIZA MUPENZI, et al,
3235 White Oak Road, Apt. 11, Dayton, Ohio 45420

County of Residence of First Listed Defendant — Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [x] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 - Diversity of Citizenship
Brief description of cause: PERSONAL INJURY

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 2/5/26
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _East Lampeter Twp. Lancaster Co._

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

**A. Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts)
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Wage and Hour Class Action/Collective Action
6. Patent
7. Copyright/Trademark
8. Employment
9. Labor-Management Relations
10. Civil Rights
11. Habeas Corpus
12. Securities Cases
13. Social Security Review Cases
14. Qui Tam Cases
15. Cases Seeking Systemic Relief *see certification below*
16. All Other Federal Question Cases. (Please specify):_____

**B. Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. Other Personal Injury (Please specify):_____
7. Products Liability
8. All Other Diversity Cases: (Please specify)_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH R. STANHOPE** | : | **CIVIL ACTION** |
| **75 East Jonathan Court** | : | |
| **Kennett Square, PA 19348** | : | |
| **Plaintiff,** | : | **No. 2:26-cv-738** |
| **vs.** | : | |
| **KABAYIZA MUPENZI** | : | |
| **3235 White Oak Road** | : | |
| **Apt. 11** | : | |
| **Dayton, Ohio 45420** | : | |
| **and** | : | |
| **ZONE-OHLLC, INC.** | : | |
| **3246 Noe Bixby Road** | : | |
| **Suite 109** | : | |
| **Columbus, Ohio 43232** | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff, Keith Stanhope, complaining of the Defendants, by and through his attorney, J. Patrick Holahan, II, Esquire of the Law Offices of J. Patrick Holahan and Associates, LLC, and respectfully allege as follows:

## JURISDICTION OF VENUE

1. Jurisdiction of this action is confirmed by 28 U.S.C. §1332, Diversity of Citizenship, in that the Plaintiff is a citizen of the Commonwealth of Pennsylvania and the Defendants are citizens of the State of Ohio, and the amount in controversy is in excess of $75,000.00. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) in that the cause of action arose in this district.

## **PARTIES**

1. Plaintiff, Keith Stanhope, is an adult individual and citizen of the Commonwealth of Pennsylvania, with a place of residence located at 75 East Jonathan Court, Kennett Square, Chester County, PA 19348.

2. Defendant, Kabayiza Mupenzi (hereinafter "Mupenzi"), is an adult individual, and citizen of the State of Ohio, with a residence located at 3235 White Oak Road, Apt. 11, Dayton, Ohio 45420 and at all times pertinent to this Complaint was acting in his individual capacity and as the agent, servant, workman, or employee of Defendant, ZONE-OHLLC, Inc., and at all times pertinent to this Complaint, was operating a certain tractor trailer owned by Defendant, ZONE-OHLLC, Inc.

3. Defendant Zone-OHLLC (hereinafter "Zone"), is a corporation, partnership, and/or sole proprietorship doing business in the Commonwealth of Pennsylvania with a corporate headquarters and/or main place of business located at 3246 Noe Bixby Road, Suite 109, Columbus, Ohio 43232, and for purposes of diversity action is a citizen of Ohio.

4. At all times pertinent to this Complaint, Defendant, Zone, was the employer of Defendant, Mupenzi, and the owner of a certain tractor trailer which was operated by Defendant, Mupenzi, with full permission of Defendant, Zone.

5. At all times pertinent to this Complaint, Defendant, Mupenzi, was the operator of a certain tractor trailer, owned by Defendant, Zone, and, with the full permission of Defendant, Zone, and, at all times pertinent to this Complaint, Defendant, Mupenzi, was acting in his own capacity and ad the agent, servant, workman, and/or employee of Defendant, Zone, within the course and scope of his employment.

## **FACTUAL ALLEGATIONS**

Plaintiff incorporates paragraphs 1-5 above inclusive, as though the same were more fully set forth at length herein.

6. On or about March 14, 2024, Plaintiff, Stanhope, was operating his motor vehicle out of the Lancaster Travel Plaza Center located onto US Route 30 (Lincoln Highway) in East Lampeter Township, Lancaster County, PA.

7. Plaintiff was following the Defendant's tractor trailer out of the Lancaster Travel Plaza Center onto US Route 30 Lincoln Highway at a business address of 2616-2622 Lincoln Highway East, Lancaster County, PA, 17572.

8. As Plaintiff, Stanhope, was waiting for the tractor trailer in front of him to turn left onto US Route 30, for some unknown reason, the operator of the tractor trailer, Mupenzi, backed up the tractor trailer into the front of Stanhope's vehicle, striking the vehicle and then pushing it backwards and dragging it some distance after impact as the Defendant continued to reverse the tractor trailer.

9. On the above date and time, Mupenzi negligently caused the tractor trailer he was driving to suddenly and without warning, reverse and collide with the front of the Plaintiff's vehicle which, in turn, caused the Plaintiff to be thrown about in his vehicle.

10. The above-described accident and impact caused certain damages and injuries to Plaintiff, Stanhope, which will be more fully set forth hereinafter.

3

## **NEGLIGENCE**

### A.  **Plaintiff v. Defendant, Kabayiza Mupenzi**

Plaintiff incorporates paragraphs 1-10 above inclusive, as though the same were more fully set forth at length herein.

11.    The aforementioned accident, as well as the damages and injuries as set forth more hereinafter, were in no way caused by acts or failures to act on the part of the Plaintiff and the Plaintiff did not, in any way, contribute to the cause of said accident or to the damages or injuries which resulted therefrom.

12.    Plaintiff, Keith Stanhope's, injuries as if set forth more fully hereinafter were a direct and proximate result of the intent, negligence, carelessness, and/or gross negligence of Defendant, Kabayiza Mupenzi, whose acts, actions, or omissions consisted of, but were not limited to the following:

a) Failure to maintain his vehicle under proper and adequate control;
b) Failing to observe the Plaintiff's vehicle;
c) Failing to operate his vehicle in accordance with existing traffic conditions and controls;
d) Negligently failing to apply his brakes when by doing so, he could have avoided the accident;
e) Failing to keep a reasonable lookout for other vehicles in the vicinity;
f) Operating his vehicle in a manner not consistent with the road and weather conditions prevailing at the time;
g) Negligently reversing his vehicle without observing the Plaintiff's vehicle;
h) Negligently failing to keep the braking system on his vehicle in proper and safe working condition;
i) Negligently applying the brakes of his vehicle;
j) Otherwise operating said motor vehicle in a careless, reckless, and/or negligent manner, and in a manner violating the Vehicle Code of the Commonwealth of Pennsylvania.

## B. Plaintiff v. Defendant, Zone OHLLC, Inc.

Plaintiff incorporates paragraphs 1-12 above inclusive, as though the same were more fully set forth at length herein.

13. Plaintiff, Keith Stanhope's, injuries as set forth more fully hereinafter, were the direct and proximate result of the intent, negligence, carelessness, and/or gross negligence of Defendant, Zone OHLLC, Inc., whose acts, actions, or omissions consisted of but were not limited to the following:

   a) All allegations of negligence as alleged against Defendant, Mopenzi, included herein by reference are imputed against Defendant, Zone, on the theories of agency, employment, respondeat superior, and common purpose and plan;
   b) Negligent entrustment of this motor vehicle to a person not qualified to operate the motor vehicle under the conditions that existed at the time of the accident;
   c) Failing to adequately guarantee that the person to whom said vehicle was entrusted would operate at vehicle in a safe and proper manner;
   d) Negligently failing to properly inspect the said motor vehicle to assure that the vehicle was in good, safe, and proper working order, and specifically the braking system pf the said vehicle;
   e) Negligently allowing its employee truck driver to operate its tractor trailer when Defendant knew, or should have known, in the exercise of ordinary care, that the braking system of the tractor trailer was not in good, safe and proper working order.

## DAMAGES

### A. Plaintiff v. Defendants

Plaintiff incorporates paragraphs 1-13 above inclusive, as though the same were more fully set forth at length herein.

14. As a result of the aforementioned accident, Plaintiff, Keith Stanhope, suffered severe injuries which include but are not limited to:

   a) Severe cervical back pain;
   b) Disc protrusion at C3-4, C6-7, and C7-T1;
   c) Severe lower back pain;

    d) Disc protrusion at L2-3 and disc bulges at L3-4 and L4-5;
    e) Contusions and trauma to the back of his head;
    f) Contusions and trauma to the left shoulder;
    g) Multiple contusions and trauma over all parts of his body;
    h) Severe shock to his nerves and nervous system;
    i) Great and severe pain, suffering, and mental anguish.

15. Some or all of the above-mentioned injuries may and probably will be permanent in nature, further amplifying the pain, suffering, and mental anguish of Plaintiff, Keith Stanhope.

16. As a result of his injuries, Plaintiff has or may have suffered a permanent disability and a permanent impairment of his earning power and capacity.

17. As of this date, Plaintiff, Keith Stanhope, has lost emoluments of employment in excess of those reimbursed to him under the terms of his automobile insurance policy, and therefore, demands payment of this amount from the Defendants.

18. As a result of his injuries, Plaintiff, Keith Stanhope, sustained a permanent diminution in his ability to enjoy life and life's pleasures.

19. As a result of his injuries, Plaintiff has incurred or may hereafter incur other medical expenses and income losses which exceed sums recoverable under his own automobile insurance policy.

20. As a result of the accident caused by the Defendants and the injuries suffered by Keith Stanhope, Plaintiff has undergone extensive medical treatment, therapy, and use of therapeutic devices, plus extensive medications, medical procedures and may and probably will continue to do so for an indefinite time into the future, perhaps permanently.

21. The aforementioned injuries suffered by Plaintiff, Keith Stanhope, were caused, activated, aggravated, or accelerated by the accident in question.

WHEREFORE, Keith Stanhope respectfully demands judgment of each Defendant, jointly and severally, in an amount in excess of $75,000.00.

**JURY TRIAL**

Plaintiff, Keith Stanhope, respectfully demand a trial by jury.

J. PATRICK HOLAHAN, II & ASSOCIATES, LLC

By: _____
J. Patrick Holahan, II, Esquire
Attorney for Plaintiffs
Attorney ID #45679
113 South Broad Street
Kennett Square, PA 129348
610-444-9795 - phone
610-444-6435 – fax

# AFFIDAVIT

I, KEITH STANHOPE, am the Plaintiff in the foregoing pleading, and hereby state that the facts contained therein are true and correct to the best of my information, knowledge, and belief, and that this Affidavit or Verification is made subject to the penalties of 18 PA. C.S. §4904 relating to the unsworn falsification to authorities.

KEITH STANHOPE